Hill, P. J.
(dissenting). This matter involves the transfer óf petitioners from the New York City to the State retirement system.. On September 27, 1943, they were appointed referees under the Unemployment Insurance Law. The controversy with the Comptroller of the State, ex-officio administrative head of the New York State Employees’ Retirement System as to the amount of contributions and interest to be credited, is submitted to this court upon an agreed statement of facts. (Civ. Prac. Act, § 548.)
Petitioner Wexner, on August 5, 1936, was first appointed a court attendant in the Supreme Court, Kings County and on that date became a member of the New York City Employees’ Retirement System; petitioner Schindler, on January 23, 1939, was appointed a court attendant of the Municipal Court of the City of New York and became a member of the city system. At the time of their court appointments they were each thirty- *191 three years of age and 6.65% of their salaries was deducted by the city retirement system, they having elected to contribute on the basis of retirement at the minimum age of fifty-five years. When they were appointed to the State positions, the city retirement system transferred to the State system on behalf of Wexner $1,667.96 contributions and interest, and reserve $1,248.77, and on behalf of Schindler the corresponding amounts transferred were $702.65 and $498.98. Petitioners then elected to contribute on the basis of retirement at the minimum age of sixty. Thereafter the State system deducted 6.21% of Wex-' ner’s salary, he being then forty years of age, and from Schindler’s salary 6.03%, he being then thirty-seven years of age. No consideration was given to the earlier membership in the city system.
Prior to July 1, 1943, under the State retirement system, persons of the age of thirty-three years (petitioners’ ages at the time of the city appointments) were required to contribute 4.68%, and the interest was computed at the rate of 4% per annum. After June 30, 1943, for those joining the system the contributions were increased and interest computed at 3% per annum instead of 4%. (Civil Serv. Law, § 50, subd. 11.)
It is petitioners’ contention that their contributions to the State system should be fixed at the rates contributed by State employees who entered the service at the time they entered the city service, and that interest should be computed at 4%, the rate applicable to persons who joined the State service prior to July 1, 1943. Section 73 of the Civil Service Law is cited in support of this contention. It reads in part: “ Any member of any retirement system operating on a sound financial basis and subject to the supervision of the insurance department of the state may transfer his membership to the New York state employees’ retirement system * * *. In order to effect a transfer, he must give notice to the administrative head of the retirement system of which he is a member, prior to his withdrawal from such system, of his intention to enter such other retirement system * * *. Upon his entry into such other system, he shall be admitted without regard to his previous membership in the first retirement system and without credit for prior service except as hereinafter provided. He shall be permitted to deposit in the second retirement system the total amount of his contributions withdrawn from the first retirement system and upon such deposit within one year. * * * he *192 shall then be given snch status and be credited with such service in the second retirement system as he was allowed in the first retirement system
Petitioners argue that their membership in the State system is but a continuation of their membership in the city system, and that they should have all the rights in the former which they would have had by joining it respectively on August 5, 1936, and January 23, 1939, when they joined the city system. That Wexner’s contribution of 6.21% of his salary and Schindler’s contribution of 6.03% of his salary should be reduced in each instance to 4.68%, the amount deductible prior to July 1, 1943, under the State retirement system for employees thirty-three years of age for retirement at the minimum of sixty years, and that compound interest at 4% should be figured on all contributions. That the failure of the State to do this is in violation of the quoted portion of section 73 of the Civil Service Law which requires that they shall be given the same “ status ” in the second system (the State) as they held in the first system (the city). That under the determination of the comptroller Wexner’s status is that of an employee who joined the system at forty years of age, and Schindler that of one who joined the system at thirty-seven years of age, while in fact they joined the first system when they were each thirty-three years of age. They call attention to the fact that their contributions to the city system were substantially in excess of the amounts which they would have been required to pay to the State system had they joined the latter when they were thirty-three years of age, and that the entire amount of these contributions and interest has been transferred to the State system. The reason for at least a portion of the excess was their election when joining the city system to contribute as required for retirement at the minimum age of fifty-five, while their contributions when they transferred to the State system were upon the basis of retirement at sixty.
It is difficult to understand the force of the argument first advanced in opposition by the State, which seems to intimate that there is a difference between the retirement allowances under the two systems. Bach system is subject to the supervision of the Insurance Department of the State, and each contemplates a retirement allowance consisting of an annuity derived from the accumulated contributions of the members, with compound interest, and a pension fixed by the final average salary and allowable years of service, paid out of funds con *193 tributed by the employer, and each of the systems at all times here involved was on a sound financial basis. A further State argument is that the practice followed in connection with petitioner’s transfer has been followed by State officials in the past. The latter argument loses force as the statute under which the State officials act has been amended several times within the period here involved, and the people of the State within a like time have added a new section to the Constitution (art. V, §7) which reads: “ After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” Some of the amendments following the adoption of the foregoing may have been enacted to give it effect.
On behalf of petitioners it is further argued that an employee of the Supreme Court of the State of New York is a State official, and while it is not necessary to determine as to an employee of the Municipal Court of the City of New York, arguments might be advanced on Schindler’s behalf along the same line. Matter of Bacom v. Conway (294 N. Y. 245) does not deal with the question here presented, but some of the language of the opinion is appropos. (e ‘ 3. “ City-Service ” shall mean service, whether appointive or elective, as an official, clerk or employee of the city or state of New York * * * so far as such service is paid for by the city of New York * * * ’ (emphasis supplied). To the same effect are the provisions in the New York Administrative Code, which define city service in dealing with the city retirement system. (Administrative Code, §§ B3-1.0, B3-3.0.) It seems clear that it was convenience of administration of both the city and the State retirement systems which dictated the inclusion of such State employees, as interveners in the city retirement system. It was more logical as well as more practical, when a State employee received compensation from a city, to have him join the city retirement system and to have the city then make the necessary contribution than to have the city make the necessary salary deduction, and remit such deduction to the State so that the latter might then add its contributions to the State retirement system. The salaries of interveners were ‘ chargeable to the city in which such commission has jurisdiction, * * * ’ (Public Service Law, § 14) although they were State employees, and thus, quite properly, *194 the contributions to the retirement system into which the interveners were cast, were also to be made by that city.” (Pp. 252-253.)
Petitioners are entitled to the relief which they seek to make effective the statute earlier quoted (§73) and to give them “ such status ” and to credit them with “ such service in the second retirement system as * * * allowed in the first retirement system ”.
Petitioners are entitled to a judgment fixing their contribution rates and interest as though they had become members of the New York State retirement system prior to July 1, 1943, and on the dates of their respective membership in the New York City retirement system.
Heffernan, Brewster and Russell, JJ., concur with Foster, J.j Hill, P. J., dissents in an opinion.
Judgment for respondents dismissing proceeding,- without costs.